UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUSTIN MARCUS ZINMAN, | ) | Case No. 2:21-cv-09442-JVS-JC |
| Plaintiff, | ) | |
| v. | ) ) | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED |
| SIMI VALLEY POLICE DEPARTMENT, et al., | ) ) ) | |
| Defendants. | ) ) | |

On December 6, 2021, Justin Marcus Zinman, proceeding *pro se* filed a Proposed Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order and a Declaration of Justin Marcus Zinman ("Declaration") which the District Judge construed to be a Request for a Temporary Restraining Order and Preliminary Injunction and denied without prejudice on December 13, 2021. (Docket Nos. 1, 2, 10).[1] Zinman has not yet filed a Complaint even though he represented in his Declaration that he would do so by not later than December 24, 2021. (Declaration at 3).

///

---

[1] The District Judge concurrently denied without prejudice Zinman's December 10, 2021 Motion for Leave to File Amended Preliminary Injunction/TRO. (Docket Nos. 6, 7, 10).

1

The exercise of federal jurisdiction under the Constitution depends on the existence of a case or controversy. United States Nat'l Bank v. Independent Insurance Agents of America, Inc., 508 U.S. 439, 446 (1993); Johnson v. Weinberger, 851 F.2d 233, 235 (9th Cir. 1988) (Article III, Section 2 of the United States Constitution restricts adjudication in federal courts to cases and controversies). A case or controversy exists when one party demonstrates that it has suffered injury-in-fact which fairly can be traced to acts or omissions of the second party and when there is a substantial likelihood that the relief requested will redress the injury claimed. Johnson, 851 F.2d at 234. If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

Here, because Zinman has not actually filed a Complaint, there is no action or proceeding pending and no case or controversy to be heard. See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); Securities & Exchange Comm'n v. Ross, 504 F.3d 1130, 1140-41 (9th Cir. 2007) (no action was commenced against individual when no complaint was filed against individual); Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 96 n.3 (9th Cir. 1982) ("A federal action is commenced by the filing of the complaint[.]"); Matter of Warrant Authorizing Interception of Oral Communications Within the Premises Known as 165 Atwells Avenue, Providence, R.I., 673 F.2d 5, 7 (1st Cir. 1982) (per curiam) ("But since no complaint was ever filed in this case, the court did not have jurisdiction over any ordinary civil action.").

Zinman is therefore ORDERED TO SHOW CAUSE within twenty (20) days why this action should not be dismissed for lack of jurisdiction based on Zinman's failure to file a Complaint/the absence of an actual case or controversy. Zinman's filing of a Complaint by the foregoing deadline will constitute an adequate response to this Order to Show Cause.

///

**Zinman is cautioned that the failure timely to respond to this Order to Show Cause or to show good cause may result in the dismissal of this matter for lack of jurisdiction based on Zinman's failure to file a Complaint/the absence of an actual case or controversy. Zinman is further cautioned that his failure timely to respond to this Order to Show Cause may result in the dismissal of this matter based on Zinman's failure to prosecute, and/or his failure to comply with this Order to Show Cause.**

IT IS SO ORDERED.[2]

DATED: January 31, 2022

/s/

Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[2] This Order to Show Cause constitutes a non-dispositive ruling on a pretrial matter. To the extent Zinman disagrees with it, he may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent he believes the Order to Show Cause is dispositive, rather than non-dispositive, he has the right to object to this Court's determination that the Order to Show Cause is non-dispositive within fourteen (14) days. He will be foreclosed from challenging the Order to Show Cause if he does not seek review thereof, or object thereto.